**WEINSTEIN, Plaintiff, v. OHIO BOTTLE GAS COMPANY, Defendant.**

Sixth District County Court, Lucas County.

No. 73.    Decided March 17, 1959.

Clarence E. Beaver, of Counsel, for plaintiff.
William A. Finn, John A. Pietrykowski, of Counsel, for defendant.

## OPINION
By GREEN, II, J.

The defendant herein has filed his motion for judgment notwithstanding the verdict pursuant to §2323.18 and §2323.181 R. C.

The essence of defendant's contention is that upon the state of the evidence it cannot legally be inferred that the truck which allegedly backed into the plaintiff was being operated by an agent of the defendant, that it was owned by said defendant, or that the driver, even assuming he was the agent, was operating the vehicle in the course of and within the authority of his employment.

We are in complete agreement with the defendant's assertion. The within cause falls squarely within the cases cited by the defendant. To allow the trier of fact to determine the question of agency based upon the evidence submitted at trial, to-wit: identification of the driver by name and the fact that the truck had the name of the defendant printed thereon, would be to permit an inference upon an inference.

We concur that a judgment for the defendant should have been directed at the time his motion was made at the trial after the close of the plaintiff's case.

However a more serious question has arisen as to the efficacy of the use of the procedure of §§2323.18 and 2323.181 R. C., to correct the error made herein. At the end of his case plaintiff entered a motion for a directed verdict whereupon the defendant proffered his motion for a directed verdict based upon the evidence and further requested that the jury be discharged for the reason that simultaneous motions operate to take the question of fact from the jury and lodge them with the court for determination. The court overruled plaintiff's motion and thereafter incorrectly overruled defendant's motion for a directed verdict and discharged the jury. After the defendant rested his case a

judgment was rendered by the court for the plaintiff for the amount stated in the petition.

We should note, though it has no bearing on the specific question before us that we were in error in discharging the jury after the simultaneous submission of the above mentioned motions. The Supreme Court of Ohio on January 22, 1958 in reversing long standing law on this point expostulated the following language in the first syllabus of **The Carter-Jones Lumber Company v. Eblen, 167 Oh St 189, 4 O. O. 2d 256:**

"Where, at the conclusion of the evidence in a case, each party moves the court to direct the jury to render a verdict in his favor, the parties do not thereby clothe the court with the functions of a jury, but they merely request, by consecutive motions, rulings on separate questions of law, and the sole duty of the trial court at that time is to render its decisions on the motions, unless there is an express waiver of the jury by both parties, as provided in §2315.20 R. C."

The major question raised by the plaintiff's memorandum, however, is whether or not a finding of a court and action heard without a jury can be set aside and a judgment rendered notwithstanding the verdict under the provisions of §§2323.18 and 2323.181 R. C. Sec. 2323.18 R. C., in so far as it is applicable reads as follows:

"When, upon the statements and the pleadings or upon the evidence received upon trial or both, one party is entitled by law to judgment in his favor, upon motion of such party, filed as provided in §2323.181 R. C., judgment shall be so rendered by the court although the jury may have failed to reach a verdict or a verdict has been rendered against such party and a judgment entered thereon. . ."

Sec. 2323.181 R. C., in so far as it is applicable reads as follows:

"The motion provided for in §2323.18 R. C. . . . shall be filed within ten days after the failure of the jury to reach a verdict and its discharge as evidenced by a journal entry approved by the court in writing and filed with the clerk for journalization, or within ten days after the journal entry of judgment in conformity to the verdict shall have been approved by the court in writing and filed with the clerk for journalization. . ."

The point that must be noted of course, is that the language quoted refers specifically to a verdict and says absolutely nothing regarding a finding or decision of a court sitting without a jury. We are inclined to agree with plaintiff's attorney to the extent that the technical meaning of the word "verdict" applies only to a determination of fact made by a jury and that factual determinations made by a court are usually designated as "findings." We have searched the text and the cases in Ohio and we find no instance in which a determination of fact by a court was referred to in terms of a verdict.

Nor have we been able to find any case reported in Ohio bearing directly upon the question of statutory interpretation involved. However, we should like to draw counsel's attention to two cases which, though they do not examine the question in detail, do at least infer that a motion under these circumstances may be entertained by the

court. We refer initially to **Magley v. Masonic Temple Assn., 80 Oh Ap 520, 36 O. O. 307.** The second syllabus of this case reads as follows:

"In such cases, it is contrary to law for the court to fail to sustain defendant's motion for judgment notwithstanding the decision of the court made under favor of §11601 GC (now §2323.18 R. C.), where the record does not disclose proof upon the material issue of whether any of the alleged new evidence was discovered after trial."

The second syllabus of **McAtee v. Western and Southern Life Insurance Company, 82 Oh Ap 131, 37 O. O. 512,** reads as follows:

"An action commenced prior to September 27th, 1947, motion for judgment **non obstante verdicto** may be filed after judgment in a case tried to the court without a jury, even though the trial court has journalized the finding for one of the parties."

It is quite possible that the instant question of interpretation was not drawn to the attention of the courts sitting in the above cases, however they do serve to illustrate that the procedure followed was not so thoroughly shocking, unjust or contrary to reason as to cause counsel to make an issue of the point.

Furthermore we are not inclined to that view which would insist that all statutes be construed in their most technical sense regardless of an obvious intention of the legislature.

Strict construction has its true application in the interpretation of criminal statutes, but such a rule applied to civil procedural law has no basis in reason. We feel we must adopt a more liberal rule of interpretation, not only because it would seem to coincide with the obvious purpose of the statute, but also because we feel that our judicial system is more nearly served when courts interpret ambiguous procedural statutes in favor of flexibility particularly where such flexibility will promote the ends of justice. We must therefore rule that the language in §§2323.18 and 2323.181 R. C., is sufficiently broad to permit this court to correct mistakes of law drawn to its attention after judgment even though the questions of fact were determined by the court.

Beyond this we are inclined to believe that the court has an inherent power to correct its mistakes during term. The court made a gross error in not directing a verdict in favor of the defendant at the trial based upon the evidence which was allowed to be admitted therein and we feel that to do other than enter a verdict in its favor at this time would manifestly act to injure the rights of the defendant.

We therefore rule as a matter of law that upon the evidence allowed to be admitted at the trial of the cause that the plaintiff was unable to sustain his burden of proving the agency of the driver or the ownership of the truck and therefore we respectfully vacate our former judgment and render a judgment in favor of the defendant herein.

This does not however end our recantation. At the trial of the cause the only witness called on either side was the plaintiff who testified as to all phases of his case. At one point the plaintiff was asked whether or not he had called the defendant, Mr. Yaekel and what conversation transpired. The purpose of this line of questioning by plaintiff's counsel was to establish the agency of the defendant and the

driver of the vehicle involved. Such conversation was excluded by this court upon objection of defendant's counsel on the grounds that such matters were hearsay.

We submit after due reflection that exclusion of the conversation of the plaintiff and the defendant on the grounds of hearsay was in error and prejudicial to the plaintiff.

Statements made by the defendant in conversation with any witness are admissible as admissions against interest and this is the case even though such admissions were made in a telephone conversation.

In our judgment therefore the plaintiff was substantially prejudiced by the ruling of this court excluding from testimony the telephone conversation of the parties hereto and we therefore order a new trial.